IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MICHAEL GONZALEZ-GARCIA<br><br>**Petitioner**<br><br>v.<br><br>SUPERINTENDENT INSTITUCION CORRECCIONAL MAXIMA SEGURIDAD GUAYAMA 1000 AND SECRETARY OF JUSTICE OF PUERTO RICO<br><br>**Respondents** | **Civil No. 22-1086** (RAM) |

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge.

Pending before the Court is Respondents Superintendent Institucion Correccional Maxima Seguridad Guayama 1000 and Secretary of Justice of Puerto Rico's (collectively "Respondents") *Motion to Dismiss for Failure to State a Claim* ("*Motion to Dismiss*"). (Docket No. 13). Petitioner Michael Gonzalez-Garcia ("Gonzalez-Garcia" or "Petitioner") filed a response. (Docket No. 15). The Court **GRANTS** Respondents' *Motion to Dismiss* because Gonzalez-Garcia's *Petition for Writ of Habeas Corpus* ("*Habeas Petition*") is untimely.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On March 27, 2015, Gonzalez-Garcia was convicted by a jury vote of 11-1 and 10-2 on six counts of restriction of liberty; use

of a disguise in the commission of a crime; aggravated robbery; threats; carrying and using a firearm without a license; and shooting or pointing a firearm. (Docket No. 13 at 7). The Court of First Instance of the Commonwealth of Puerto Rico, Utuado Superior Part, sentenced him to 45 years in prison. (Docket No. 1 at 1).

On April 24, 2015, Gonzalez-Garcia appealed his conviction to Puerto Rico's Circuit Court of Appeals. Id. at 2. Unsuccessful, he then filed an appeal with the Puerto Rico Supreme Court. The court denied the appeal and issued a mandate giving Gonzalez-Garcia 90 days to file a petition for a writ of certiorari with the United States Supreme Court. (Docket No. 13 at 7). Respondents point out that there is no indication on the record that Gonzalez-Garcia ever did so and Petitioner never asserts that he did. (Docket Nos. 13, 1, 15). Therefore, it appears that Gonzalez-Garcia never petitioned the United States Supreme Court for a writ of certiorari.

On May 26, 2020, Gonzalez-Garcia filed a *Request for Correction of Judgment* pursuant to Puerto Rico Criminal Procedure Rule 192.1 ("192.1 Motion") with the Court of First Instance, which denied the motion on September 8, 2020. (Docket Nos. 1 at 2; 13 at 7). Gonzalez-Garcia then filed a petition for certiorari with the Puerto Rico Circuit Court of Appeals on October 6, 2020, which was denied on October 30, 2020. (Docket No. 1 at 2). On December 28, 2020, he filed a petition for a writ of certiorari with the Puerto

Rico Supreme Court, which was also denied on February 19, 2021. Id. at 2-3.

On February 22, 2022, Gonzalez-Garcia filed the instant *Habeas Petition* under 28 U.S.C. § 2241. (Docket No. 1). Petitioner alleges that his detention is unlawful because he was not convicted by a unanimous jury verdict. Id. On July 22, 2022, Respondents filed the *Motion to Dismiss*. (Docket No. 13). They argue that Gonzalez-Garcia's *Habeas Petition* is time-barred and that his conviction by a non-unanimous jury verdict is not unconstitutional.

Although the *Habeas Petition* was originally filed under 28 U.S.C. § 2241, the Court shall construe it as one filed pursuant to 28 U.S.C. § 2254. *See* González-Fuentes v. Molina, 607 F.3d 864, 875 n.9 (1st Cir. 2010) ("[P]risoners in state custody are required to comply with all the requirements laid out in § 2254 whenever they wish to challenge their custodial status, no matter what statutory label the prisoner uses."); Brennan v. Wall, 100 F. App'x 4, 4 (1st Cir. 2004) (per curiam) ("[A] state prisoner in custody pursuant to the judgment of a state court may file a habeas corpus petition, as authorized by § 2241, but he is limited by § 2254.").

## II. APPLICABLE LAW

### A. Motions to dismiss

When ruling on a Rule 12(b)(6) motion, "[t]he sole inquiry ... is whether, construing the well-pleaded facts of the complaint

in the light most favorable to the plaintiffs, the complaint states a claim for which relief can be granted." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 7 (1st Cir. 2011). The Court must first "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz v. Republican State Leadership Committee, 669 F.3d 50, 55 (1st Cir. 2012) (citations omitted). Then, the Court takes "the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor," to determine "if they plausibly narrate a claim for relief." Id. (citations omitted).

### B. Federal *habeas corpus* proceedings

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes the statute of limitations for federal *habeas corpus* proceedings brought under 28 U.S.C. § 2254. *See* Candelaria-Melendez v. Rivera-Percy, 2020 WL 1547066, at *2 (D.P.R. 2020) (quoting AEDPA, Pub. L. 104-132, 110 Stat. 1214 (1996)). The timeliness requirements which apply to § 2254 petitions challenging state convictions and sentences are found in § 2244(d)(1). *See* 28 U.S.C. § 2244(d)(1). Sub-section "A" states that these petitions are subject to a **one-year statute of limitations** which begins to run from the date on which the judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A); *see*

*also* Cruz Rodríguez v. Caro-Delgado, 2010 WL 2690522, at *2 (D.P.R. 2010); Neverson v. Farquharson, 366 F.3d 32, 36 (1st Cir. 2004).

The AEDPA's one-year statute of limitations "is tolled while a properly-filed application for state post-conviction or other collateral review is pending." Garcia-Parra v. Departamento de Justicia, 2015 WL 1186394, at *1 (D.P.R. 2015) (citing 28 U.S.C. § 2244(d)(2)), report and recommendation adopted sub nom. Garcia-Parra v. Administracion de Correccion, 2015 WL 1186418, at *4 (D.P.R. 2015). However, "[s]ection 2244(d)(2) **does not reset the clock on the limitations period**," it "merely stops it temporarily, until the relevant applications for review are ruled upon." Trapp v. Spencer, 479 F.3d 53, 58-59 (1st Cir. 2007) (emphasis added); *see also* Sambolin Robles v. Administración de Correción, 2022 WL 236137, at *4 (D.P.R. 2021) (granting a motion to dismiss because petitioner waited over two years after the AEDPA deadline to file a 192.1 motion).

### III. DISCUSSION

The 90-day window for Gonzalez-Garcia to petition the United States Supreme Court for a writ of certiorari closed on **March 21, 2018**. (Docket No. 13 at 7). That is when his judgment became final. Gonzalez-Garcia seems to suggest that his conviction became final on February 24, 2021, the day he was notified that the Puerto Rico Supreme Court denied his petition for a writ of certiorari on his 192.1 Motion. (Docket No. 15 at 2-3). However, in the context of

post-conviction relief, "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits **on direct review** or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003) (emphasis added); *see also* Cruz Rodríguez, 2010 WL 2690522, at *2; Neverson, 366 F.3d at 36. Petitioner's subsequent 192.1 Motion was not a direct appeal of his conviction, but rather, post-conviction collateral relief. *See, e.g.,* Diaz-Castro v. Roman-Roman, 683 F. Supp. 2d 189, 192 (D.P.R. 2010) (describing a 192.1 motion as "post-conviction collateral relief"). Therefore, Petitioner's judgment became final upon the expiration of time for seeking direct review of his conviction, *i.e.*, when the 90-day window for him to petition the United States Supreme Court for a writ of certiorari closed on March 21, 2018.

Petitioner thus had one year (*i.e.*, until March 21, 2019) to file the *Habeas Petition*, or to at least file the 192.1 Motion and toll the one-year statute of limitations period under the AEDPA. By his own admission, Petitioner did not file the 192.1 Motion until May 26, 2020. (Docket No. 1 at 2). He filed the *Habeas Petition* on February 22, 2022. (Docket No. 1). Neither were filed within the one-year statute of limitations period required by AEDPA, making the instant *Habeas Petition* untimely.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Respondent's *Motion to Dismiss* at Docket No. 13. The Court need not address Petitioner's arguments on the merits. No certificate of appealability shall be issued as Petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Petitioner may still seek a certificate directly from the United States Court of Appeals for the First Circuit in accordance with Rule 22(b)(1) of the Federal Rules of Appellate Procedure. Judgment of dismissal with prejudice shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 14th day of October 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge